

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TING JIA; HUAN WANG,

               Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   16-70593

Agency Nos.     A087-890-478
                      A087-890-479

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2022
Pasadena, California

Before: TASHIMA and LEE, Circuit Judges, and CARDONE,[**] District Judge.

     Petitioners Ting Jia and Huan Wang, wife and husband and natives and

citizens of China, petition for review of a decision of the Board of Immigration

Appeals (BIA), dismissing the appeal of a decision of the Immigration Judge (IJ),

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

who denied Ms. Jia's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] The IJ acknowledged that petitioners would have been eligible for asylum if they were persecuted for opposing China's one-child policy but denied relief based on an adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The adverse credibility determinations of the IJ and BIA are supported by substantial evidence. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021) ("Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence."); *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir.) ("Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011))), *cert. denied sub nom. Fermin v. Barr*, 141 S. Ct. 664 (2020).

The finding that there was a discrepancy regarding whether or not petitioners met with the snake head is supported by the record. The finding that there were

---

[1] Ms. Jia is the lead petitioner, and Mr. Wang is a derivative beneficiary of her asylum application.

discrepancies between Ms. Jia's and Mr. Wang's testimony regarding details of important events also is supported by the record. Those discrepancies include the following: Ms. Jia said she learned of her pregnancy the day after her mandatory checkup, but Mr. Wang said that it was the same day as the checkup, Mr Wang initially testified that the forced abortion was in February 2008 before correcting himself to say December 2008; Ms. Jia said she returned home from the abortion in the morning, but her husband said it was the afternoon; Ms. Jia said she was hospitalized in Benxi City Red Cross Hospital, while Mr. Wang called it Benxi Number 4 Hospital; Mr. Wang initially said Ms. Jia was detained in February 2008 before correcting himself to say February 2009. Examining the totality of the circumstances, we conclude that the agency's decision is supported by substantial evidence.

The petition for review is **DENIED**.